KINDRA DENEAU (State Bar No. 024156)
7135 East Camelback Road, Suite 230
Scottsdale, Arizona 85251
Telephone: (480) 306-5977
Facsimile: (602) 626-3504
E-mail: kdeneau@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Mishell Bearup

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mishell Bearup, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Centron Services, Inc.; and DOES 1-10, inclusive, | |
| Defendants. | |

For this Complaint, the Plaintiff, Mishell Bearup, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Mishell Bearup (hereafter "Plaintiff"), is an adult individual residing in Phoenix, Arizona, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Centron Services, Inc. (hereafter "Centron"), is a company with an address of 2525 Colonial Drive, P.O. Box 534, Helena, Montana 59624-0000, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Centron and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Centron at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.   The Alleged Debt**

8. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The alleged Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The alleged Debt was purchased, assigned or transferred to Centron for collection, or Centron was employed by the Creditor to collect the alleged Debt.

11. The Defendants attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.   Centron Engages in Harassment and Abusive Tactics**

12. Within the last year, Centron contacted Plaintiff in an attempt to collect the alleged Debt.

13. On or about May 22, 2012, Centron called Plaintiff twice from a restricted telephone number and on the second call left a message on Plaintiff's answering machine which stated that it was calling from "Great Falls" and needed to speak with "Mishell Bearup."

14. Centron did not state that it was attempting to collect a Debt from Plaintiff or properly state its identity during its voicemail.

15. Plaintiff placed an outbound call to Centron in response to its voicemail.

16. Plaintiff explained to Centron that she received a mysterious voicemail from it and asked Centron if it was a debt collection company.

17. Centron stated it is a third party collection agency, but they are not trying to collect a debt and they "do not have to follow the FDCPA laws."

18. Centron proceeded to speak with Plaintiff about a bill despite previously stating it was not calling to collect on a debt.

19. Upon information and belief, Centron is a debt collector that is subject to the FDCPA laws. Centron states on its website "Since our inception in 1927 we have been serving the collection needs of creditors across Montana. We assume responsibility for our client's accounts and are only compensated for successful collections."

20. Centron never sent Plaintiff a thirty day notice to give her the opportunity to dispute the alleged Debt or request validation of the alleged Debt.

4

**C.      Plaintiff Suffered Actual Damages**

21.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

22.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.     The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

24.     The Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency, in violation of 15 U.S.C. § 1692d(6).

25.     The Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

26.     The Defendants failed to inform the consumer that the communication was an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(11).

27.     The Defendants failed to send the Plaintiff a validation notice stating the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

28. The Defendants failed to send the Plaintiff a validation notice stating the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

29. The Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed, in violation of 15 U.S.C. § 1692g(a)(2).

30. The Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

31. The Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

32. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

33. The Plaintiff is entitled to damages as a result of the Defendants' violations.

### **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

   A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D.  Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiff; and

E.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: June 11, 2012                LEMBERG & ASSOCIATES, LLC


By: __/s/  Kindra Deneau__
Kindra Deneau

Attorney for Plaintiff
Mishell Bearup